```
Kent Khtikian, Esq. (#99843)
Conor D. Mack, Esq. (#253878)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
Telephone: (415) 834-1778
Facsimile: (415) 834-1842

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL NO. 16 PENSION TRUST,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>McELDOWNEY AND SONS, INC., a California Corporation,<br><br>　　　　Defendant. | CASE NO. CV 10-1709 SBA<br><br>***EX PARTE* APPLICATION FOR AN ORDER FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO SERVE DEFENDANT McELDOWNEY AND SONS, INC.; DECLARATION OF KHTIKIAN; [Proposed] ORDER**<br><br>(FRCP 4(e); FRCP 4(m); California Code of Civil Procedure section 415.50) |

In accordance with Federal Rule of Civil Procedure 4(e) and California Code of Civil Procedure section 415.50, Plaintiff hereby applies *ex parte* for an order for service by publication of Defendant McEldowney and Sons, Inc., (hereinafter "McEldowney"). In order to have sufficient time to effectuate service by publication, Plaintiff also applies *ex parte* for an order extending the 120 day time period in which to serve Defendant McEldowney pursuant to Fed. R. Civ. P. 4(m) by an additional 90 days.

**I. FACTUAL BACKGROUND**

Plaintiff filed its complaint on April 21, 2010. On April 27, 2010 Plaintiff sent the Summons, Complaint and other documents to Wheels of Justice, a registered California Process

server, for service on McEldowney. Declaration of Khtikian, ¶ 2. Wheels of Justice made at least 15 attempts to serve McEldowney between May 3, 2010 and July 13, 2010. Declaration of Simons re Diligence, Declaration of Khtikian, ¶ 3. On June 3, 2010, counsel for Plaintiff sent McEldowney a Notice of Lawsuit And Request to Waive Service of A Summons and related documents. Declaration of Khtikian, ¶ 4. McEldowney refused to accept delivery from the United States Postal Service. Declaration of Khtikian, ¶ 4. Plaintiff's counsel asked whether counsel for McEldowney was authorized to accept service on McEldowney's behalf, but did not receive a response. Declaration of Khtikian, ¶ 5. On June 13 and July 14 Plaintiff's counsel notified counsel for Defendant that Plaintiff would seek to serve McEldowney by publication and yet again did not receive any response. Declaration of Khtikian, ¶ 5. While counsel for Plaintiff and Defendant have been negotiating a possible settlement, they have, to date, been unable to resolve the matter. Declaration of Khtikian, ¶ 7.

## II. LAW AND ARGUMENT

**A. The Court Should Issue An Order Allowing Plaintiff To Serve McEldowney By Publication Because Plaintiff Cannot With Reasonable Diligence Effectuate Service In Any Other Manner**

Service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California, a "summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and a "cause of action exists against the party upon whom service is to made." Cal. Code Civ. Proc., § 415.50(a).

Here, Plaintiff has been unable to serve McEldwoney despite numerous attempts of personal and substituted service. Declaration of Simons re Diligence, Declaration of Khtikian, ¶ 3. McEldowney has avoided personal service, refused Plaintiff's counsel's attempt to mail a request to waive service and McEldwoney's counsel has ignored Plaintiff's inquiries whether counsel would accept service on McEldowney's behalf. Declaration of Khtikian, ¶¶ 4&5. Therefore, Plaintiff has no other option but to serve McEldowney by publication.

*EX PARTE* APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO SERVE DEFENDANT; DECLARATION OF KENT KHTIKIAN
Case No. CV 10-1709 SBA

2

The Court should order service by publication because Plaintiff, with reasonable diligence, has been unable to serve McEldowney by any other manner.

**B. Good Cause Exists To Extend The 120 Period To Serve Defendant So That Plaintiff May Effectuate Service By Publication**

Normally, defendants must be served within 120 days of the filing of the Complaint. However, upon a showing of good cause by Plaintiff, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis. The United States Court of Appeals for the Ninth Circuit recognized that "[a]t a minimum, 'good cause' means excusable neglect." Boudette v. Barnette, (9th Cir.1991) 923 F.2d 754, 756. In Boudette, the Court stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Id. (*citing* Hart v. United States, (9th Cir.1987) 817 F.2d 78, 80-81).

Here, good cause exists to extend the time to serve McEldowney because Plaintiff's inability to serve McEldowney was not the result of Plaintiff's excusable neglect. As shown above, Plaintiff was diligent in its attempts to serve McEldowney. Furthermore, Defendant's own actions have created Plaintiff's inability to serve McEldowney within the 120 time period. Declaration of Khtikian, ¶¶ 4. Defendant has actual notice of the lawsuit. For example, on June 14 a letter was mailed to Defendant's counsel informing him that Defendant was being mailed a copy of the complaint, summons, notice of lawsuit, waiver of service of summons and other pleadings. Decl. of Khtikian ¶ 5 and Exhibit 2 thereto. On June 23, 2010 Defendant's counsel wrote to Plaintiff's counsel that certain actions would be taken by Defendant "if some agreement cannot be reached to significantly reduce the withdrawal liability and the other claims raised in the Trusts' action against the corporation (*Local 16 Pension Trust v. McEldwoney & Sons, Inc.*, CV 10-1709)". [italics in original]. Decl. of Khtikian ¶ 6. Finally, Plaintiff would be severely prejudiced if the complaint were dismissed because Plaintiff would have to go through the

*EX PARTE* APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO SERVE DEFENDANT; DECLARATION OF KENT KHTIKIAN
Case No. CV 10-1709 SBA

3

unnecessary trouble and expense of refiling the Complaint, once again attempting to serve a Defendant who has demonstrated an ability and the desire to avoid service and reapplying for an order to serve Defendant by publication. Plaintiff makes this application to extend the time to serve McEldowney before the 120 day time period has expired. However, should the Court issue an order for service by publication, Plaintiff will require an extension of the 120 day period because service by publication requires four successive weeks of publication pursuant to California Government Code section 6064.

### III. CONCLUSION

The Court should order service by publication because Plaintiff, with reasonable diligence, has been unable to serve McEldowney by any other manner. The Court should extend the 120 day period in which to serve McEldowney an additional 90 days as Plaintiff has demonstrated good cause to extend the period to serve Defendant.

Respectfully submitted,

Katzenbach & Khtikian

Dated: August 4, 2010    By: /s/ Kent Khtikian
                              W. Kent Khtikian
                              Attorneys for Plaintiff

### DECLARATION OF KENT KHTIKIAN

I, Kent Khtikian, declare as follows:

1. I am the attorney of record for plaintiffs in the above-entitled action.

2. On April 27, 2010 I sent the Summons In A Civil Case, Complaint For Withdrawal Liability, Order Setting Initial Case Management Conference and ADR Deadlines, ECF Registration Information Handout, Welcome To The U.S. District Court, Oakland, and Notice of Availability of Magistrate Judge to Exercise Jurisdiction to Scott Simons of Wheels of Justice, a registered California Process server, for service on McEldowney and Sons, Inc., ("McEldowney") at the address listed by the California Secretary of State for McEldowney's agent for service of process, Brian Joseph McEldowney.

*EX PARTE* APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO SERVE DEFENDANT; DECLARATION OF KENT KHTIKIAN
Case No. CV 10-1709 SBA

4

3. Wheels of Justice informed me that it made multiple attempts to serve McEldowney between May 3, 2010 and July 13, 2010. Attached hereto as Exhibit 1 is a true and correct copy of the status report provided to me by Wheels of Justice on May 13, 2010.

4. On June 3, 2010, I sent McEldowney Notice of Lawsuit And Request to Waive Service of A Summons, Waiver Of The Service Of Summons, Complaint For Withdrawal Liability, Order Setting Initial Case Management Conference and ADR Deadlines, Welcome To The Oakland Divisional Office The United States District Court, Notice of Availability of Magistrate Judge to Exercise Jurisdiction, Clerk's Notice (dated 4/16/10) and a stamped, addressed return envelope. The United States Postal Service returned the above in the envelope that I sent to McEldowney, indicating that it had been "refused."

5. I have been in contact with counsel for McEldowney, Terrence O'Connor. I wrote to Mr. O'Connor on June 14, 2010 and again on July 13, 2010. I asked Mr. O'Connor if he was authorized to accept service on behalf of McEldowney and received no response. I informed Mr. O'Connor that I would seek an order from the Court for service by publication and received no response. Attached hereto as Exhibit 2 is a true and correct copy of my June 14 letter.

6. On June 23, 2010 Defendant's counsel informed me that certain actions would be taken by Defendant "if some agreement cannot be reached to significantly reduce the withdrawal liability and the other claims raised in the Trusts' action against the corporation (*Local 16 Pension Trust v. McEldwoney & Sons, Inc.*, CV 10-1709)"

7. Mr. O'Connor and I have been negotiating a settlement, but have not at this point reached any resolution.

I declare under penalty of perjury under the laws of the State of California and under the laws of the United States that the foregoing is true and correct, is based on my personal knowledge, and I would so testify.

Executed this 4th day of August 2010 in San Francisco, California.


       /s/ Kent Khtikian
       W. Kent Khtikian

EX PARTE APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO SERVE DEFENDANT; DECLARATION OF KENT KHTIKIAN
Case No. CV 10-1709 SBA

5

## [Proposed] ORDER

Plaintiff has demonstrated that through reasonable diligence Plaintiff is unable to serve Defendant McEldowney and Sons, Inc., by any other method than service by publication. Therefore, pursuant to Federal Rule of Civil Procedure 4(e) and California Code of Civil Procedure section 415.50, the Court hereby orders that the Summons to be published in a named newspaper, published in the State of California, that is most likely to give actual notice to Defendant McEldowney and Sons, Inc. Plaintiff shall mail a copy of the summons, the complaint, and this order for publication to Defendant McEldowney and Sons, Inc. Service by publication shall be completed by no later than November 17, 2010.

Plaintiff has further demonstrated good cause to extend the time to serve Defendant McEldowney and Sons, Inc. Therefore, pursuant to Federal Rule of Civil Procedure 4(m), the Court hereby extends the time for Plaintiff to serve Defendant McEldowney and Sons, Inc., by 90 days, until November 17, 2010. Plaintiff shall file a Proof of Service with the Court no later than November 30, 2010.

IT IS SO ORDERED

Dated: 9/3/10

Hon. Saundra B. Armstrong
United States Judge

EX PARTE APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO SERVE DEFENDANT;
DECLARATION OF KENT KHTIKIAN
Case No. CV 10-1709 SBA

6

| | |
|---|---|
| 1 | PROOF OF SERVICE BY MAIL |

2   I am a resident of the County of San Francisco, California. I am over the age of eighteen
3   years and not a party to this action. My business address is Katzenbach and Khtikian, 1714
4   Stockton Street, Suite 300, San Francisco, California 94133. I served the within:

6   1. *EX PARTE* APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION AND
       EXTENSION OF TIME TO SERVE DEFENDANT McELDOWNEY AND SONS,
7      INC.; DECLARATION OF KENT KHTIKIAN; [proposed] ORDER

8   on the parties remaining in the action herein, by placing a true copy thereof enclosed in a sealed
9   envelope with first class postage thereon fully prepaid in the United States Mail at San
10  Francisco, California, on August 4, 2010 addressed as follows:

12  Brian Joseph McEldowney
    727 Monterey Rd.
13  Salinas, CA 93908

15  Terrence R. O'Connor, Esq.
    Noland, Hamerly, Etienne & Hoss
    P.O. Box 2510
16  Salinas, CA 93902

18      I declare under penalty of perjury that the foregoing is true and correct, and that this
    declaration was executed on August 4, 2010.

22                          /s/ Cheri Yau
                            Cheri Yau